Aristoteles J. Theros, Appellant *v.* Warwick Board of School Directors, Appellee.

Argued February 9, 1979, before Judges CRUM-
LISH, JR., WILKINSON, JR. and MENCER, sitting as a
panel of three.

*Gerald E. Ruth,* for appellant.

*David E. Wagenseller, III,* with him *Shirk, Reist
and Buckwalter,* for appellee.

OPINION BY JUDGE MENCER, April 26, 1979:

Aristoteles J. Theros (Theros) is a tenured pro-
fessonal employe of Warwick School District, situate
in Lancaster County. He is certified only as a busi-
ness education teacher. The Board of School Direc-
tors of Warwick School District (School Board), in
an effort to reduce a projected budget deficit, abol-
ished the positions of head of the Business Education
Department and Director of Athletics. The former
head of the Business Education Department and the
former Director of Athletics, each of whom had spent
half time teaching business education subjects and
half time in their respective administrative positions,
which were not mandated positions, were to return

to full-time teaching in the Business Education Department. As a result, the department had a total of six full-time business education teachers, including Theros, making one excess full-time teacher in this department.

·All six of the business education teachers were certified to teach only business education. They were evaluated according to the provisions of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq., and the requirements of the Department of Education. Theros was found to be the teacher with the lowest quality rating and the lowest total rating. On July 6, 1976, the School Board reviewed all of the rating information of the business education teachers and placed Theros on suspension. At the same time, the School Board authorized the Superintendent as its agent to notify the Department of Education of the entire procedure. Theros was given appropriate notice by the School Board that he would be suspended, effective September 8, 1976. Subsequently, Theros requested a hearing under the Local Agency Law, Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11301 et seq., repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202. A hearing was held on August 18, 1976, at which he was represented by counsel. The School Board made findings of fact and conclusions of law and affirmed the suspension of Theros from his position as a professional employe in the School District, effective as of September 8, 1976.

The record of the hearing and the exhibits comprised of letters which were offered as joint exhibits of Theros and the School Board show that the suspension of Theros was not based on a substantial decrease in pupil enrollment nor was the abolishment of the positions of Athletic Director and head of the

Business Education Department a curtailment or alteration of the educational program of the School District. It was also stipulated that Theros does not dispute that, if a teacher in the Business Education Department were to be suspended, assuming that the School Board had the authority to take this action because of budgetary constraints, Theros was the appropriate teacher of the six certfied teachers in the Business Education Department to be suspended.

Theros does not contend that the School Board acted in suspending him for any political or arbitrary reasons. Theros argues that the School Board failed to establish a cause of suspension under Section 1124 of the School Code, 24 P.S. §11-1124, which provides:

Any board of school directors may suspend the necessary number of professional employes, for any of the causes hereinafter enumerated:

(1) Substantial decrease in pupil enrollment in the school district;

(2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction;

(3) Consolidation of schools, whether within a single district, through a merger of districts, or as a result of joint board agreements, when such consolidation makes it unnecessary to retain the full staff of professional employes;

(4) When new school districts are established as the result of reorganization of school

districts pursuant to Article II., subdivision (i) of this act, and when such reorganization makes it unnecessary to retain the full staff of professional employes.

On appeal from the suspension imposed by the School Board, the Court of Common Pleas of Lancaster County, being of the opinion that Section 1124 of the School Code was not intended by the legislature to provide the only reasons for suspension of a tenured teacher, held that the School Board had an inherent management right to suspend Theros and accordingly dismissed his appeal. This appeal followed.

We can fully understand the unwillingness of the hearing court to reach a result in this case where a teacher whose position is properly abolished and therefore whose services are no longer needed and who will have no scholars to teach must be paid his salary indefinitely. However, according to decided cases, the legislature has so commanded.

We are unable to distinguish this case from *Alberts v. Garofalo*, 393 Pa. 212, 142 A.2d 280 (1958), and therefore must conclude that the holdings of that case controls the instant appeal. In *Alberts*, a supervising principal was suspended from his employment because the position of supervising principal was abolished by the school directors as an "economy measure." Our Supreme Court held that, since the board's action was not prompted by any of the causes specified in Section 1124 of the Public School Code of 1949, the suspension was unlawful.

Further support for this holding is found in the reasoning utilized in *Bragg v. Swarthmore School District*, 337 Pa. 363, 11 A.2d 152 (1940). This Court has also concluded that Section 1124 of the Code, by enumerating four reasons for the suspension of professional employes, does, in effect, grant the employes

the right to be suspended for those reasons only. *Fatscher v. Board of School Directors,* 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977).

In *Black v. Wyalusing Area School District,* 27 Pa. Commonwealth Ct. 176, 365 A.2d 1352 (1976), a case involving the abolishment of the position of elementary principal and a claim that such action constituted a demotion, Judge WILKINSON wrote:

> The serious problem presented by this case can be restated in another fashion. Can the demotion of the appellee become effective until after a hearing? If the abolition of the position is effective without a hearing and the demotion is not, then when the remand takes place and back pay ordered, the appellee is being paid and will continue to be paid, at least until a hearing, to occupy a position that does not exist and the duties of which have presumably been abandoned or reassigned. Incongruous as that may seem for a public office, such is the clear mandate of the Pennsylvania Supreme Court in Alberts v. Garofalo, 393 Pa. 212, 142 A.2d 280 (1958).

27 Pa. Commonwealth Ct. at 179, 365 A.2d at 1354.

Incongruous as the result we reach today may seem, such is also the mandate of *Alberts v. Garofalo, supra.*

Order reversed and case remanded for entry of an order directing the reinstatement of Aristoteles J. Theros as a professional employe of Warwick School District with payment of an amount of money equal to the compensation he would have been paid during the period of his suspension.

ORDER

AND Now, this 26th day of April, 1979, the order of the Court of Common Pleas of Lancaster County,

dated November 3, 1977, dismissing the appeal of Aristoteles·J. Theros, is reversed and the case is remanded for entry of an order directing the reinstatement of Aristoteles J. Theros as a professional employe of Warwick School District with payment of an amount of money equal to the compensation he would have been paid during the period of his suspension.