Eastern York School District, Appellant *v.* Diana L. Long and Kerry A. White, Appellees.

210

Argued June 8, 1979, before Judges BLATT, DI-SALLE and CRAIG, sitting as a panel of three.

*John W. Thompson, Jr.*, with him *Shoemaker, Thompson & Ness*, for appellant.

*Gerald E. Ruth*, for appellee.

OPINION BY JUDGE BLATT, September 26, 1979:

The Eastern York School District (School District) appeals from an order of the Court of Common Pleas of York County which overturned its suspension of Diana L. Long (appellee) from her position as an English teacher. The School District argues (1)

that the appellee was not entitled to a hearing under the Local Agency Law,[1] (2) that its action in suspending her was proper, and (3) that the lower court erred in ordering her reinstatement "without loss of pay".

The School District had suspended the appellee and denied her request for a hearing, but, after she instituted a suit in mandamus, the School District relented and held a hearing. The School Board then issued an adjudication which upheld the suspension, terming it a furlough, and found that it was justified for two reasons: (1) because "of the alteration of the educational program wherein the total program offerings were modified so as to reduce the electives available to students"; and (2) because the Department of Education had required the School District "to remove certain teachers as Department Heads for the reason that they had not been properly certified," thus additional staff was available for classroom teaching assignments.

Whether or not a suspended professional employee such as the appellee is entitled to a hearing under the Local Agency Law was considered by this Court and answered in the affirmative in *Middle Bucks Area Vocational Technical School v. Navarro*, 37 Pa. Commonwealth Ct. 278, 390 A.2d 325 (1978). We see no occasion to disturb that ruling and must therefore hold that the appellee was entitled to a hearing.

As to the validity of the appellee's suspension, we agree with the court below that it was improper. Section 1124 of the Public School Code of 1949,[2] 24 P.S. §11-1124, sets forth four circumstances under which a professional employee may be suspended, and

---

[1] Act of December 2, 1968, P.L. 1133, *as amended, formerly* 53 P.S. §11301 et seq., repealed by Act of April 28, 1978, P.L. 202. The Local Agency Law is now found at 2 Pa. C.S. §551 et seq.

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq.

the School District argues, that the following provision applies here:

> (2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction;

We believe, however, that there was no approval or mandate in this case by the Department of Education of a curtailment or alteration of an educational program. In the first place, in response to the School District's proposal to limit student electives, the Department of Education wrote:[3]

> Your plan to restrict the electives available to students does not require the department's approval since it is a local school district's perogative. You are not in fact altering or curtailing current educational program, but rather requiring students to take certain courses in conjunction with selected courses.

In the second place, the abolition of the department heads was an administrative action and obviously not a curtailment or alteration of an *educational program*. Because the School District, therefore, has not established that the appellee's suspension was for one of the causes enumerated in Section 1124, we must conclude that the suspension was improper. *See Theros v. Warwick Board of School Directors*, 42 Pa. Commonwealth Ct. 296, 401 A.2d 575 (1979).

---

[3] Letter from Harry J. Bendetto, Acting Director, Bureau of Planning and Evaluation, Department of Education, to Carl M. Payne, Superintendent, Eastern York School District.

Finally, the School District asserts that the lower court erred in ordering reinstatement "without loss of pay" because it did not specify that the School District could set off the appellee's earnings from other sources during her suspension against the compensation due her. Clearly, the School District is entitled to such a setoff. *See Coble v. Metal Township School District*, 178 Pa. Superior Ct. 301, 116 A.2d 113 (1955); *Cf. Eash v. Civil Service Commission*, 17 Pa. Commonwealth Ct. 199, 331 A.2d 601 (1975). The appellee does not dispute this proposition, however, and we do not believe that the order of the lower court is inconsistent with the School District's right to set off the earnings, if any, which the appellee had. We shall therefore affirm the order of the court of common pleas.

ORDER

AND Now, this 26th day of September, 1979, the order of the Court of Common Pleas of York County in the above-captioned matter is hereby affirmed.