Marilyn Cigarski, Thomas Brown, Stephen Placko and William Peters, Appellants *v.* Lake Lehman School District, Appellee.

Argued April 5, 1979, before Judges BLATT, DI-SALLE and MACPHAIL, sitting as a panel of three.

*Peter J. O'Brien,* with him *O'Brien and Miller,* for appellants.

*Charles D. Lemmond, Jr.,* for appellee.

*William Fearen, Michael I. Levin* and *Cleckner & Fearen,* for amicus curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE MACPHAIL, October 1, 1979:

On June 30, 1977, the Lake Lehman School District (District) suspended temporary professional employees Marilyn Cigarski and Thomas Brown[1] and professional employees Stephen Placko and William Peters (collectively, Appellants) from their teaching

---

[1] Here, as in *Phillipi v. School District of Springfield Township,* 28 Pa. Commonwealth Ct. 185, 367 A.2d 1133 (1977), the Board has, by suspending rather than terminating the non-tenured Appellants, extended them rights to which they are not entitled under the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.

positions with the District pursuant to a resolution adopted by the Board of School Directors (Board) of the District.

The Board purported to adopt this resolution pursuant to Section 1124 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1124, "in accordance with the reasons specifically given, but not limited to, in sub-sections 1, 2 and 3 and economic trends." The Board affirmed its suspension of the appellants after a hearing, stating as a reason for its adjudication that "one of the reasons for suspension enumerated in Section 1124 does, in fact, exist," without specifying which of those reasons applied.

The Appellants appealed to the Court of Common Pleas of Luzerne County, which was obliged to affirm the Board's adjudication unless a necessary finding of fact was not supported by substantial evidence or the adjudication was not in accordance with the law. 2 Pa. C.S. §754(b). The trial court held that the Board's finding that one of the reasons listed in Section 1124 existed was not supported by substantial evidence. Nevertheless, that court held "we do not believe that Section 1124 was intended by the Legislature to provide the only reasons for suspension of tenured teachers." The trial court further found that the Board "made a discretionary determination on an internal management policy." Thereupon, the trial court dismissed the appeal because it found that a reorganization of the District entailing a reduction in personnel was warranted.

We agree with the trial court that no Section 1124 reason was established by the District. We must reverse that court, however, because, according to decided cases, our Legislature has mandated that Section 1124 provides the sole reasons for suspending a professional employee. *Theros v. Warwick Board of*

*School Directors,* 42 Pa. Commonwealth Ct. 296, 401 A.2d 575 (1979), and cases cited therein.

With respect to the non-tenured Appellants, Section 1108(a) of the Code, 24 P.S. §11-1108(a), provides that no temporary professional employee shall be dismissed unless rated unsatisfactory. Neither of the two non-tenured Appellants have been given that rating. Although Section 1124 does not apply to temporary professional employees, we have held that the reasons contained in Section 1124 by analogy are also sound reasons for the non-renewal of a temporary professional employee's contract. *Phillippi v. School District of Springfield Township,* 28 Pa. Commonwealth Ct. 185, 367 A.2d 1133 (1977). Since, as we have already held, none of the Section 1124 reasons applies to this case and neither of the non-tenured employees has been rated unsatisfactory, their suspension must also be reversed.

The Appellants request "reinstatement without loss of pay." While they are entitled to that remedy, the District is also entitled to set off the earnings which the Appellants may have received from other sources during their suspension against the compensation they would have received from the District had the District not suspended them unlawfully. *Eastern York School District v. Long,* 46 Pa. Commonwealth Ct. 209, 407 A.2d 69 (1979).

### ORDER

AND Now, this 1st day of October, 1979, the order of the Luzerne County Court of Common Pleas dated January 13, 1978, dismissing the appeals of Marilyn Cigarski, Thomas Brown, Stephen Placko and William Peters is reversed and the case is remanded for entry of an order directing the reinstatement of those employees by the Lake Lehman School District with payment of an amount of money equal to the compensa-

tion they would have been paid during the period of suspension less their earnings from other sources during that period.