Charles Hixson, Appellant v. Greater Latrobe School District, Appellee.

Argued May 9, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Ronald N. Watzman,* for appellant.

*Dennis B. Rafferty,* for appellee.

OPINION BY JUDGE WILKINSON, JR., June 6, 1980:

On June 27, 1977, the Greater Latrobe School District (District) suspended 13 teachers because of a substantial decline in pupil enrollment. One position was eliminated in the Industrial Arts Department, where Charles Hixson (Hixson) was the least senior teacher. However, Hixson was not suspended as another industrial arts teacher, Edward Showalter (Showalter) was also certified to teach social studies and was transferred to an assignment in the Social Studies Department.[1]

During the 1977-78 school year Hixson taught industrial arts and Showalter taught social studies. Showalter, who had been certified in both industrial arts and social studies since 1958, had always been employed as an industrial arts teacher and did not feel comfortable teaching social studies. During the school year Showalter requested the removal of his certification in social studies from his teaching certificate. The District delayed until the end of the academic year and then, on June 8, 1978, voted to allow the removal of the social studies certification. On July 7, 1978 the Pennsylvania Department of Education issued Showalter a certificate eliminating social studies.

The District, faced with one more teacher than positions in the Industrial Arts Department, on June 28, 1978 passed a resolution directing Hixson's suspension, citing the decline in pupil enrollment as the

---

[1] As required by *Welsko v. Foster Township School District,* 383 Pa. 390, 119 A.2d 43 (1956).

94

basis for the action. On July 3, 1978 Hixson was notified.

Hixson requested a local agency hearing at which the District upheld his suspension. He appealed therefrom to the Court of Common Pleas of Westmoreland County, which affirmed the District. The decision of that court is now before us.

Section 1124 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1124, provides the reasons for which a school district may suspend a professional employee:

> Any board of school directors may suspend the necessary number of professional employes, for any of the causes hereinafter enumerated:
>
> (1) Substantial decrease in pupil enrollment in the school district;
>
> (2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction;
>
> (3) Consolidation of schools, whether within a single district, through a merger or districts, or as a result of joint board agreements, when such consolidation makes it unnecessary to retain the full staff of professional employes;
>
> (4) When new school districts are established as the result of reorganization of school districts pursuant to Article II., subdivision (i) of this act, and when such reorganization makes it unnecessary to retain the full staff of professional employes.

The enumerated reasons are the exclusive basis on which a suspension of a professional employee may be made. *Sporie v. Eastern Westmoreland Area Vocational Technical School,* 47 Pa. Commonwealth Ct. 390, 408 A.2d 888 (1979). A suspension on any other basis is invalid.

Hixson asserts, and we agree, that he was not suspended for one of the enumerated reasons. Although the District now contends Hixson was suspended due to a decrease in pupil enrollment,[2] all suspensions on this basis were accomplished in June of 1977. Hixson was employed during the entire 1977-78 school year and was suspended not due to decreases in the student population but rather due to the reassignment of Showalter to the Industrial Arts Department after the District consented to his decertification in social studies.

In *Theros v. Warwick Board of School Directors,* 42 Pa. Commonwealth Ct. 296, 401 A.2d 575 (1979), the positions of Director of Athletics and head of the Business Education Department were eliminated for budget reasons, causing an abundance of business education teachers and the suspension of one. The Court found the suspension to be outside those grounds enumerated by the cited statute and thus improper. The return of persons holding more seniority within a department is not one of the causes authorized for suspension.

---

[2] The letter notifying Hixson of his suspension states that the suspension is a result of the voluntary deletion of social studies from Showalter's certification and his seniority in the Industrial Arts Department. It fails to mention anything with regard to decline in enrollment. Further, the Acting Superintendent of the District, the only witness at the local agency hearing, admitted that, but for the decertification of Showalter in social studies, Hixson would not have been suspended.

Accordingly, we will enter the following

ORDER

AND NOW, June 6, 1980, the order of the Court of Common Pleas of Westmoreland County, docketed to Civil Division No. 1312 of 1979, dated October 3, 1979, affirming the decision of the Greater Latrobe School District dismissing Charles Hixson, is hereby reversed and Charles Hixson is hereby reinstated as a professional employee of the Greater Latrobe School District with payment of an amount of money equal to the compensation he would have been paid during the period of his suspension with appropriate credit for any money earned during the period.