George Shearer, Petitioner *v.* Commonwealth of Pennsylvania, Secretary of Education et al., Respondents.

Argued December 11, 1980, before Judges CRAIG, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Ronald N. Watzman, Watzman & Elovitz,* for petitioner.

*Dayne Shaw,* for respondent, Elizabeth Forward School District.

OPINION BY JUDGE CRAIG, January 27, 1981:

George Shearer petitions this Court for review of the back pay allowance provisions of an order of the Secretary of Education which has reinstated him as a teacher with Elizabeth Forward School District. The

Secretary ordered back pay covering the period following the now-overturned discharge of the petitioner, but not for the suspension period which preceded it.

Petitioner, a professional employee, had been arrested on August 2, 1977, and charged with possession of marijuana and contributing to the delinquency of a minor. Despite receiving notice of the arrest, the school board took no immediate action. However, by letter, an assistant superintendent then notified petitioner that he was suspended without salary or benefits effective August 24.

After two hearings, the board discharged petitioner on October 6 for immorality and intemperance. On appeal, the Secretary of Education reversed petitioner's dismissal for lack of substantial evidence to support the charges.

We perceive three issues:

1. Is petitioner entitled to back pay for the period of suspension before the discharge date?

2. Is he entitled to interest on the back pay?

3. Should income received during the back pay period be deducted from the back pay award, specifically (a) unemployment compensation benefits, and (b) income earned on nights and weekends?

## 1. *Period of Back Pay*

As to reimbursement of lost salary after a wrongful dismissal, Section 1130 of the Public School Code of 1949[1] explicitly mandates that, in all cases where a decision is in favor of the professional employee, the charges are to be expunged from the record, and "there shall be no abatement of salary or compensation."

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1130.

The terms of this "no abatement" provision do not limit its applicability to a discharge period as such; hence, a professional employee is entitled to back pay for any period of involuntary separation from his employment which is subsequently resolved in his favor. *See Theros v. Warwick Board of School Directors,* 42 Pa. Commonwealth Ct. 296, 401 A.2d 575 (1979), where we held that a wrongfully suspended professional employee be paid "an amount of money equal to the compensation he would have been paid during the period of his suspension." *Id.* at 301, 401 A.2d at 577.

Even though there may be an implied power to suspend pending a discharge hearing, under *Kaplan v. School District of Philadelphia,* 388 Pa. 213, 130 A.2d 672 (1957), such a basis for suspension must fall when the discharge itself has been reversed as improper.

Nor can this suspension be validated upon any other grounds. Section 1124 of the Public School Code of 1949 specifies the sole grounds upon which a suspension may be based, *Cigarski v. Lake Lehman School District,* 46 Pa. Commonwealth Ct. 297, 407 A. 2d 460 (1979), and the cause alleged to support petitioner's suspension, criminal arrest, is not included in that section.

Thus, petitioner is entitled to remuneration from the effective date of that suspension, August 24, 1976.

### 2. INTEREST

Petitioner contends that his back pay award should bear interest at the rate of 6%, citing Section 1155 of the Code. The relevant portion of that section states: "In the event the payment of salaries of employees of any school district is not made when due, the school district shall be liable for the payment of same, together with interest at six percentum (6%) per annum from the due date."

The petitioner's argument is supported by the section's broad directive, without qualification, that interest be awarded if salary is not paid when due; the cause for which the salary was withheld is irrelevant.

Hence, we are compelled to agree with the petitioner that his back pay award bear 6% simple interest from the dates his salary payments were due between August 24 and the date of his reinstatement.

### 3. Deductions From Award

Finally, the district argues that certain amounts of money petitioner received while he was separated from his teaching position be deducted from the back pay award.

The district is clearly entitled to set off petitioner's earnings from other sources against compensation due. *Eastern York School District v. Long*, 46 Pa. Commonwealth Ct. 209, 407 A.2d 69 (1979), *Cigarski, supra*. The procedure for adjusting back pay awards for unemployment compensation benefits paid is set forth in Sections 704 and 705 of the Unemployment Compensation Law.[2]

However, income earned by petitioner from jobs held on nights and weekends should not be set off against the back pay award. Petitioner could have held those positions concurrently with his teaching job; thus, they should not be held to diminish further his recompense for wrongful discharge.

The order of the Secretary of Education is affirmed in part and reversed in part.

### Order

And Now, January 27, 1981, the order of the Secretary of Education, No. 40-77, dated September 13,

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by Section 8 of the Act of July 7, 1977, P.L. 41, P.S. §§864, 865, 43 P.S. §§864, 865.

1979, is affirmed insofar as it reinstates petitioner to his position as a professional employee with Elizabeth Forward School District; as to the time period for the back pay award, the Secretary's order is modified to commence computation of back pay from August 24, 1977, the effective date of petitioner's suspension; the Secretary's order is further modified to provide that the back pay award shall bear interest at the rate of six (6%) per cent; and petitioner shall furnish Elizabeth Forward School District with information as to the amount of employment compensation benefits received during the period preceding his reinstatement, so that the amount may be deducted from the award.