George Shearer, Petitioner *v.* Elizabeth Forward School District, Respondent.

Argued December 11, 1980, before Judges CRAIG, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Ronald N. Watzman,* for petitioner.

*Dayne Shaw,* for respondent.

OPINION BY JUDGE CRAIG, March 4, 1981:

This case, which we will call Case II, was consolidated for argument with *Shearer v. Secretary of Education,* 57 Pa. Commonwealth Ct. 266, 424 A.2d 633 (1981), which we will herein designate Case I.

We refer to the opinion filed in Case I for the procedural history of these appeals by petitioner, a school teacher, from his suspension and dismissal, which the Secretary of Education reversed on appeal, but with an order granting back pay entitlement only for the period after dismissal and not during the suspension. Case I involved issues as to back pay entitlement and computation, including questions concerning interest and setoffs for other earnings, and this Case II (an appeal from a supplemental order of the Secretary) involved, in addition, a question as to the proper forum for the back pay computation. We have now received supplemental briefs from both sides, permitting us to dispose of this Case II.

In view of the record and procedural history we conclude that the proper forum for back pay computation, in the present posture of this particular case,

is within the respondent school district. The proceeding before the Secretary was upon administrative appeal pursuant to Section 1131 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1131, under which the Secretary has the discretion to "hear and consider such additional testimony as he may deem advisable to enable him to make a proper order." Here the Secretary, after ordering reinstatement and awarding partial back pay in general terms, did not choose to take additional evidence as to back pay computation.

We will not deny that the Secretary could have chosen to receive such additional evidence because an award of back pay can logically embrace determination of a precise amount. On the other hand, if the record theretofore made by the parties before the school board had included all the elements necessary for back pay computation, the Secretary, provided such issue had been preserved and presented to him, would have had a duty to render a decision upon that matter also. *See Department of Education v. Oxford Area School District*, 24 Pa. Commonwealth Ct. 421, 356 A.2d 857 (1976) where we pointed out that the Secretary's appeal jurisdiction is coterminous with the scope of the issues presented to the board.

Here, however, we perceive no reason why, consistent with our order in Case I, the computation of back pay in the first instance at this point cannot be done within the school district, administratively and, if necessary, pursuant to further board hearing.

Therefore our order in Case I, which covered petitioner's entitlement to back pay during the suspension period and the school district's right to credit for unemployment compensation and earnings received by petitioner outside of school hours, as well

as the matter of interest and petitioner's duty to furnish income information to respondent, remains a sufficient order, in that it did not remand to the Secretary but left the parties to be guided by the Secretary's order as modified by this court.

ORDER

Now, March 4, 1981 the disposition of this case shall be governed by our order in *Shearer v. Secretary of Education*, 57 Pa. Commonwealth Ct. 266, 424 A.2d 633 (1981).