## Downey v. Board of Directors of the Northern Potter School District

*D. Bruce Cahilly*, for petitioner.
*Robert F. Cox, Jr.*, for respondent.

FINK, *P.J.*, March 14, 1983—Petitioner, James L. Downey, is a professional employee within the meaning of the Public School Code of 1949, and has filed a petition against the Board of Directors of the Northern Potter School District seeking a judicial review of the governmental determination under the Pennsylvania Local Agency Law, 2 Pa.C.S.A. §752. Subject matter jurisdiction is alleged by petitioner to be vested in the court of common pleas pursuant to 42 Pa.C.S.A. §933(A)(2). Respondent Board of Directors has filed preliminary objections raising a question of jurisdiction.

The pertinent allegations in the original petition allege that petitioner, a professional employee, suffered a suspension while under a professional employee contract with respondent; said suspension being "without compensation and benefits" and being effective as of 8:00 am Wednesday, October 13, 1982. On December 6, 1982, there was an "adjudication of dismissal" by the school board retroactive to October 13, 1982, the date of suspension. The first notice petitioner had from respondent school board concerning any charges was dated October 12, alleging certain specific activities which would generally be characterized as acts of "immorality."

Respondent's position is that the Local Agency Law of Pennsylvania is not properly applied to the situation in that there was an ultimate dismissal, but that the School Code of Pennsylvania applies, and therefore any appeal must properly be laid with the Pennsylvania Superintendent of Schools from an adjudication of dismissal by the school board.

Both parties agree that the Local Agency Law applies to "suspensions," and the school code prescribes the exclusive remedy for appealing "dismissals."

Petitioner is requesting the court to first assert its jurisdiction as an appellate court under the Local Agency Law as to "suspensions," and once jurisdiction attaches, to thereafter determine the propriety of the "dismissal." Respondent on the other hand asserts that although the "suspension," if standing alone would properly be the subject matter of appeal from the school board to the court of common pleas; where there is a dismissal not only following the suspension, but made retroactive thereto, the exclusive appellate procedure is to the Secretary of Education.

Section 1122 of the Pennsylvania School Code of 1949, 24 P.S. § 11-1132 sets forth the statutory causes for "termination of contract"; one of which is immorality. Section 1124 of the Pennsylvania School Code sets forth the statutory causes for "suspension," which basically is reduction in pupil enrollment and does not cover the facts in the instant case. Section 1127 sets forth the procedures for "dismissal," and this court has difficulty in finding any statutory authority for retroactive dismissal.

Counsel for petitioner cites the case of Norwin School District v. Chlodney, _____ Pa. _____ _____, 309 A. 2d 328 (1978) for the proposition that the appropriate appellate body in a case of suspension from such a determination by the school board would be to the court of common pleas under the Local Agency Law as above-stated. Both sides agree that that is the law of the Commonwealth of Pennsylvania.

Counsel for respondent cites the lower court case of Intille v. Hoyer, 88 D. & C. 512 (1954) for the legal proposition that where a professional employee is suspended and ultimately dismissed, the appeal did only lie to the Secretary of Education

under the Public School Code. In the first place the Intille case was decided before the Local Agency Law ever came into existence (1968). In the second place there was no distinction whatsoever made between "suspension" on the one hand and "dismissal" on the other, although prior to 1968 apparently there was no reason for such distinction. We therefore conclude that the Intille case is no authority or no help to us in resolving the issue currently before the court.

The case of George Shearer v. Elizabeth Forward School District, 57 Pa. Commw. 271, 426 A. 2d 218 (1981), cited by respondent is of some assistance to us in resolving our problem. In Shearer, there apparently was a suspension and a subsequent dismissal, there was an appeal to the Secretary of Education and subsequently to the Commonwealth Court, which ultimately ordered the school district to pay the improperly dismissed teacher certain back pay considering certain interest and other set-offs. The matter again was referred to the Commonwealth Court on a singular issue (known as Case No. 2) of whether repayment should date back to the suspension, or merely to the dismissal. The court found that the Secretary of Education had no duty to make such a determination but could have, had the Secretary so chosen. Apparently the precise question presented in the instant case was not presented in Shearer; however the implications from Shearer are as follows:

1. A school board may "suspend" for reasons other than the restricted causes for "suspension" under Section 1124 of the School Code where there is a subsequent dismissal; and

2. The Secretary of Education was the proper appellant forum for the appeal of a dismissal following suspension; and

3. Once the appellate jurisdiction of the Secretary attached to the dismissal, it *could* determine the propriety of the "suspension" and make an award of back pay to the employee because of improper "suspension."

Respondent also cites the case of Central Westmoreland Area Vocational-Technical School v. Scanlon, 54 Pa. Commw. 435, 421 A. 2d 861 (1980), although the Scanlon case was merely a determination of whether a specific act was an "indefinite suspension" and therefore reviewable by the court of common pleas under the Local Agency Law, or was it a dismissal and therefore reviewable only by the Secretary of Education. Scanlon does not help us with the issue presently before the court.

Firstly we hold that just because the school board made the dismissal retroactive to the date of suspension is not dispositive on the issue of whether this is a "dismissal" or a "suspension" case. We next look to whether or not the two issues could and/or should be separate and distinct so that an appeal from the suspension would lie with the court of common pleas and an appeal from the dismissal would lie with the Secretary of Education.

We would like to take "judicial license" to make comment as to the wisdom or lack thereof of the legislature in placing appellate jurisdiction of suspension in one forum and appellate jurisdiction of dismissal in another. Would it not be possible for a professional employee to merely contest the legality of the suspension by appealing it, and not appealing his ultimate dismissal? Or would it not be possible to make a determination that the suspension was not according to law and yet have the ultimate dismissal sustained on appeal? If this were possible, the practical effect would be that the professional

employee would be entitled to pay and other benefits between the time of suspension and dismissal, unless the dismissal could be made retroactive. On the latter point, counsel for petititoner herein argues with a substantial amount of logic and persuasion that dismissal should not be allowed retroactively when all of the due process safeguards have been ignored as of the "retroactive date." Furthermore, as has been pointed out previously herein, there is no statutory authority for making a dismissal retroactive to suspension. To have one appellate forum however for suspension and another completely different appellate forum for dismissal in a situation where there is a dismissal one-and-a-half months immediately following suspension is impractical, unwieldy, and ridiculous.

Counsel for petitioner urges that once this court accepts jurisdiction because of the suspension portion of the issue, it should accept jurisdiction for the entire problem, including "dismissal." This makes sense, however there appears to be no authority therefor, quite the contrary we view the Shearer case as "authority by inference" for the proposition that where there is a "suspension" and a "dismissal" for the same reason as to the same professonal employee, the Secretary of Education under the School Code is the proper appellate body.

This court understands the confusion in the area surrounding the issue presented to this court which we believe is brought about primarily by that august body known as the Pennsylvania legislature which acted in its usual realm of ineffectiveness and mystic inclination. We therefore must regretfully conclude that the door of the court of common pleas must once again close upon a prospective litigant seeking help from the court because of technical procedural lack of jurisdiction.

Thus the following

## ORDER OF COURT

And now, March 14, 1983, the preliminary objections raising a question of jurisdiction, filed by respondent, are hereby sustained.