Allegheny Intermediate Unit, Petitioner *v.* Malcolm Jarvis, Respondent.

Argued March 15, 1985, before Judges CRAIG, BARRY and COLINS, sitting as a panel of three.

*William C. Andrews,* with him, *Thomas M. Rutter, Jr., Goehring, Rutter & Boehn.* for petitioner.

*Eugene P. Girman, Girman & Bacharach,* for respondent.

OPINION BY JUDGE CRAIG, April 16, 1985:

In *Allegheny Intermediate Unit v. Jarvis,* 48 Pa. Commonwealth Ct. 636, 410 A.2d 389 (1980), this court agreed with the Secretary of Education that the Allegheny Intermediate Unit (AIU) had erred in discharging teacher Malcolm Jarvis for his refusal to accept a transfer assignment. Because Jarvis' certification is as a teacher of the mentally retarded, section 1202 of the Public School Code of 1949[1] negatived the AIU's power to assign him to work "which he has not been properly certificated to teach."

However, because the Secretary had then directed that Jarvis "be reinstated to *his position*"[2] with the AIU, this court remanded the case to the Secretary for "specific findings which *the Secretary shall make.*"[3] as to whether "his position," from which he had been transferred, was itself one for which he was properly certificated.

---

[1] Act of March 10, 1949, P.L. 30, §1202, *as amended,* 24 P.S. §12-1202.

[2] Emphasis added.

[3] Emphasis added.

After the issuance of that order of this court on January 22, 1978, the Department of Education inexplicably took more than three years to act further. On November 15, 1983, a new decision of the Secretary advised that, because the AIU had eliminated Jarvis' previous position, the earlier order had intended to mandate reinstatement "to any available position within AIU for which he was properly certificated—*i.e.*, any position as a teacher of the mentally retarded," rather than reinstatement to "his position", as the decision had stated. However, despite that logical and understandable clarification, the Secretary's decision did not make any findings as directed, but merely delegated to the AIU the responsibility of determining what proper positions have been available for Jarvis in the interim. From the later decision of the Secretary, the AIU has again appealed, contending that:

1. Jarvis would have no right at all to reinstatement or backpay if his incumbency in his last position was unlawful, that is, if it was a position for which he was not properly certificated; and

2. The Secretary erred in referring to a departmental policy memorandum issued in 1979 with respect to certifications in special education, as it may pertain to this matter begun in 1977.

On the first point, the AIU's contention is patently unacceptable. If the AIU previously assigned Jarvis to a position for which he was not certificated, his willingness to perform that work clearly could not negate the applicability of the statutory requirements to any subsequent assignment of him. The AIU, we hold, is estopped from standing upon its own previous wrong assignment, if it was that. Moreover,

our earlier decision in this case, affirming Jarvis' right to a proper reinstatement, together with back pay, is the law of the case here, not subject to reconsideration at this juncture.

Secondly, the AIU's concern about the 1979 policy memorandum is excessive. As the Secretary's latest decision summarizes its effect, the memo clarifies:

> [T]hat AIU has no obligation to offer Appellant any positions outside his certification unless the AIU wishes to do so, can document an educational need to do so, and Appellant consents to the assignment.

Thus, one cannot read that memorandum as expanding in any way the concept of what proper positions have been available for Jarvis in the AIU.

Therefore, this court will affirm the Secretary's direction for reinstatement of Jarvis to the first available position for which he is certificated, and otherwise remand this case to the Secretary, for the department itself to make the findings which the department has sought to delegate to the AIU. That approach may shorten the further course of this litigation more effectively than if the AIU itself were to function as fact finder. Cf. Shearer v. Secretary of Education, 57 Pa. Commonwealth Ct. 266, 424 A.2d 633 (1981).

The department should give priority to concluding this matter, in view of the protracted length of the proceedings to the present point.

## ORDER

Now, April 16, 1985, the decision of the Secretary of Education dated November 15, 1983 is affirmed insofar as it directs that Mr. Jarvis be reinstated to the first available vacancy for which he is certificated, and that decision is otherwise vacated, and this

case is remanded to the Secretary of Education to receive evidence through a hearing examiner or otherwise, and to make the following findings and determinations:

1. The Secretary shall determine what, if any, available AIU position Mr. Jarvis was certificated to hold at the time of his dismissal in 1977;

2. If no position was available in 1977, Mr. Jarvis is to be considered as though furloughed at that date;

3. The Secretary shall determine the first available position to which Mr. Jarvis would have held recall rights under statutory or collective bargaining agreement provisions;

4. The Secretary shall calculate backpay from that time at which Mr. Jarvis could have been assigned to the first available vacancy for which he was certificated;

5. The backpay period is to run from the time determined in paragraph 4 above until the date of the Secretary's final order; and

6. The Secretary shall deduct from any backpay award the earnings of Mr. Jarvis from any other source during the period or periods for which backpay is calculated.

If no available vacancy exists at the date of the Secretary's final order which AIU can offer Mr. Jarvis, the Secretary shall direct the AIU to consider Mr. Jarvis on furlough until such vacancy occurs. As a condition of this order, Mr. Jarvis is to provide the Secretary with a complete statement and documentation of earnings for the backpay period or periods determined by the Secretary within thirty days of the Secretary's request for such a statement.