644 A.2d 1277

**Carol WALKOWSKI**

v.

**DUQUESNE CITY SCHOOL DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 1, 1994.

Decided May 26, 1994.

Publication Ordered July 22, 1994.

Petition for Allowance of Appeal Denied Nov. 17, 1994.

370

Ira Weiss, for appellant.

John A. Bacharach, for appellee.

Before McGINLEY and NEWMAN, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

This is an appeal from an order of the Court of Common Pleas of Allegheny County (trial court) which reversed a decision of the Board of School Directors of the Duquesne City School District (Board) and awarded Carol Walkowski (Walkowski) back pay for the period of a suspension previously imposed by the Board.

Walkowski was employed by the Duquesne City School District (School District) from October 24, 1983, until she was furloughed on November 13, 1986. Walkowski's furlough arose from the resolution of a grievance between the School District and two teachers with more seniority who had been previously furloughed. Pursuant to the agreement reached between the School District and the Duquesne Education Association (the certified bargaining representative for the School District) regarding the grievance, the furloughed teachers were rehired and Walkowski was informed she was furloughed by letter dated November 14, 1986. Walkowski's March 27, 1987, request for a hearing was denied by the Board as untimely.

Walkowski initiated an action in mandamus requesting the trial court to compel the Board to grant her a hearing which the trial court granted. At the hearing which was held on April 30, 1990, the Board voted to uphold Walkowski's furlough. Walkowski appealed the decision to the trial court which reversed the decision of the Board and granted her back pay for the period of her suspension by order dated June 11, 1993. The School District appeals.

■ Our scope of review of approval by a board of school directors of a suspension of a public school teacher by a school district where the trial court has taken no additional evidence is limited to a determination of whether the school district abused its discretion, committed an error of law, or violated the teacher's constitutional rights, and whether the school district's findings of facts are supported by substantial evidence. *Mongelluzzo v. School District of Bethel Park,* 93 Pa.Commonwealth Ct. 557, 503 A.2d 63 (1985).

On appeal, we are asked to address the following issues: 1) whether the School District was permitted to furlough a professional employee due to a continuing substantial decline in enrollment within the school district; 2) whether Walkowski was the proper professional employee to be furloughed when she was the least senior appropriately certified professional employee within the school district; and 3) whether the trial court erred in invalidating Walkowski's furlough despite a substantial decline in enrollment and even though she was the least senior member of the staff.

Initially, the School District argues that the Board is expressly authorized to furlough a professional employee due to a continuing substantial decline in enrollment. We agree. Section 1124 of the Public School Code of 1949 (Code)[1], 24 P.S. §. 11–1124 clearly states in part that "[a]ny board of school directors may suspend the necessary number of professional employees, for any of the causes hereinafter enumerated: (1) Substantial decrease in pupil enrollment in the school district ..." 24 P.S. § 11–1124. Walkowski asserts that she was not furloughed due to declining enrollment, but due to the fact that two other teachers with greater seniority were recalled. She does argue that there was no substantial decline in pupil enrollment during the period from September 1986, through November 1986, when she was furloughed. Walkowski asserts that the Code does not provide for a furlough under such circumstances. The proper period to examine a decline in enrollment in the present case is that period before the furlough of the two more senior teachers. Walkowski does not dispute there was a substantial decline in enrollment for the period preceding the furlough of the two teachers with greater seniority.[2] Further, Walkowski does not argue that

---

1. Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101—27–2702.

2. We note that the record supports the Board's conclusion of law which states that "[t]he Duquesne School District experienced a substantial decline in pupil enrollment for the years 1982–1983 through 1988–1989." Board's Resolution, Conclusion of Law No. 1, at 4; Reproduced Record, at 10a (as part of the resolution, the Board adopted the

the reinstatement of the two was improper. It is therefore undisputed that when the two teachers were recalled the School District found itself in the same position it was in before the furloughs, facing a substantial decline in enrollment and an oversized staff. Such being the case we conclude that the furlough was a proper exercise of the Board's authority.

Next, the School District argues that Walkowski, being the least senior appropriately certified professional employee, was the proper employee to be furloughed. We agree. Section 1125–1(a) of the Code, 24 P.S. § 11–1125.1(a) provides in part that "[p]rofessional employes shall be suspended under section 1124 (relating to causes for suspension) in inverse order of seniority within the school entity of current employment...." 24 P.S. § 11–1125.1 (footnote omitted). Because the record reflects, and Walkowski does not dispute that she was the least senior member of the staff she was the appropriate person to be furloughed.

Finally, the School District argues that the trial court erred in invalidating Walkowski's furlough. Specifically, the School Board asserts that the trial court reached its decision by improperly relying on *McKeesport Area School District v. Cicogna,* 125 Pa.Commonwealth Ct. 99, 558 A.2d 116 (1989). In *Cicogna,* this Court invalidated the furlough of a teacher whose removal was the result of an improper deletion of an area of certification by another employee. In the present case, Walkowski was properly furloughed as the least senior employee due to a declining enrollment, after two more senior employees who had been erroneously furloughed were recalled.

Accordingly, we reverse the order of the trial court.

### ORDER

AND NOW, to wit, this 26th day of May, 1994, the order of the Court of Common Pleas of Allegheny County at No. S.A. 2423 of 1990, dated June 11, 1993, is reversed and Carol

proposed findings of fact and conclusions of law of its special counsel, William C. Andrews, Esquire).

Walkowski is denied back pay for the period of her suspension.

NEWMAN, Judge, dissenting.

I respectfully dissent.

The majority contends that "[t]he proper period to examine a decline in enrollment in the present case is the period before the furlough of the two more senior teachers." Majority opinion at 372. I have found no authority for this proposition.

Section 1124 of the Public School Code of 1949 (Code),[1] 24 P.S. § 11–1124, contains an exclusive list of reasons a school district can furlough a professional employee. The section provides in pertinent part:

Any board of school directors may suspend the necessary number of professional employees, for any of the causes hereinafter enumerated:

(1) Substantial decrease in pupil enrollment in the school district;

(2) Curtailment or alteration of the educational program on recommendation of superintendent....;

(3) Consolidation of schools....;

(4) When new school districts are established as the result of reorganization....

24 P.S. § 11–1124.

In *Hixson v. Greater Latrobe School District,* 52 Pa.Commonwealth Ct. 92, 95, 421 A.2d 474, 476 (1980), we stated:

The enumerated reasons are the exclusive basis on which a suspension of a professional employee may be made. *Sporie v. Eastern Westmoreland Area Vocational Technical School,* 47 Pa.Commonwealth Ct. 390, 408 A.2d 888 (1979). A [furlough] on any other basis is invalid.

Walkowski argues that her furlough did not result from declining enrollment, but from the reinstatement of two more

1. Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §§ 1–101—27–2702.

senior teachers. Walkowski specifically directs this court's attention to the fact her furlough resulted in a net increase of one teacher which *ipso facto* did not address the issue of declining enrollment. A review of the instant record demonstrates that the trial court did not err in reversing the Board's decision.

Walkowski was furloughed three months into the 1986–1987 school year on November 13, 1986. It is undisputed, as the majority acknowledges, that Walkowski was furloughed as a result of settlement agreement between the School District and the Duquesne Education Association which provided for the reinstatement of two previously furloughed teachers. In the School District's furlough letter to Walkowski, the School District stated that:

> By action of the Board of School Directors at their public meeting ..., you are hereby notified that you are furloughed, ... *This furlough is mandated due to the recall of a more senior person and the re-assignment of staff in the Duquesne City School District.*

Letter to Carol Walkowski from School District, November 14, 1986. (Emphasis Added).

While the majority contends that our holding in *Cicogna* is inapposite to the present matter, I respectfully disagree. In that case, faced with a declining enrollment, the school district furloughed six teachers. As a result of these furloughs, teachers had to be reassigned to various departments based on their certifications. After the completion of the numerous transfers, William Cicogna (Cicogna) was furloughed and a more junior teacher rehired. The school district justified Cicogna's furlough on the basis of a substantial decline in enrollment.

Cicogna sought relief from the school board which after review upheld his furlough. On appeal to the trial court, it reversed the determination of the school board, and we affirmed. We held that Cicogna's furlough could not be regarded as the seventh furlough for declining enrollment reasons because the more junior teacher's reinstatement meant that

there was no net reduction in the professional faculty. Our court further held that the realignment of teachers which resulted in Cicogna's furlough was not authorized by the Code as a valid justification.

Another case is further illustrative of this reasoning. In *Hixson*, thirteen teachers were furloughed because of a substantial decline in pupil enrollment. Like the situation in *Cicogna*, various transfers of teachers within departments were required. Consequently, as a result of one teacher's decertification within a particular department, Charles Hixson (Hixson) was furloughed. Hixson requested a local agency hearing, and contended that his furlough was not justified under the Code. The school board upheld his furlough. The trial court affirmed, and this Court reversed, stating:

> Hixson asserts, and we agree, that he was not suspended for one of the enumerated reasons. *Although the District now contends Hixson was suspended due to a decrease in pupil enrollment,* all suspensions on this basis were accomplished in June of 1977. Hixson was employed during the entire 1977–78 school year and was suspended not due to decreases in the student population but rather due to the reassignment of Showalter to the Industrial Arts department after the District consented to his decertification in social science.
>
> . . .
>
> *The return of persons holding more seniority within a department is not one of the causes authorized for suspension.*

*Id.* at 95, 421 A.2d at 476 (Emphasis added).

In rendering its decision, our court relied on, among other things, the fact that the letter notifying Hixson of his furlough stated that it was a result of the other teacher's decertification within a department and his seniority. Our court specifically noted that letter failed to mention anything with regard to a declining enrollment.

In the instant matter, all furloughs based on declining school enrollment were accomplished prior to the beginning of the school year. Three months into the school year, Walkow-

ski was furloughed as a result of a settlement agreement. The letter informing her of the furlough clearly and unequivocally states that her furlough was "mandated due to the recall of a more senior person and the re-assignment of staff . . ." This justification is not a valid reason pursuant to the Code. Moreover, it is undisputed that Walkowski's furlough along with the reinstatement of the two teachers resulted in a net increase of one teacher.[2]

Besides the fact that the majority opinion does not conform with the applicable law, I also believe that affirming the trial court's order would be in the interest of fairness. The school district admits that it alone made a mistake in furloughing the wrong individuals. Consequently realizing its mistake, the school district furloughed Walkowski three months into the school year. Given the nature of the school year, Walkowski had few, if any, opportunities to secure other employment in her field of education. In short, as a result of the school district's mistake, an innocent party suffered.

I respectfully dissent from the majority opinion and would conclude that the trial court did not err in reversing the Board's decision. Accordingly, I would affirm the order of the trial court, and hold that Walkowski should be entitled to an amount of money equal to the compensation she would have been paid during the period of her furlough with appropriate credit for any money earned during the period.

---

**2.** While both *Cicogna* and *Hixson* deal with furloughs of teachers as a result of another teacher's decertification, they are nonetheless applicable to the instant case since they also address the validity of furloughs on account of declining student enrollment.