Herbert H. Brinser, Appellant *v.* Cumberland-Perry Area Vocational-Technical School Joint-Operating Committee, Appellee.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Thomas W. Scott,* with him *Killian & Gephart,* for appellant.

*Robert E. Yetter,* with him *Metzger, Wickersham, Knauss & Erb,* for appellee.

Opinion by Judge Blatt, August 2, 1979:

Herbert H. Brinser (appellant) appeals here from an order of the Cumberland County Court of Common Pleas which affirmed his suspension from his position as auto-body teacher at the Cumberland-Perry Area Vocational-Technical School (School).

The appellant had served as the auto-body teacher at the School for five years from 1971 to 1976. Previously the auto-body course had been taught by a Mr. Kelley who was placed in an administrative position as Staff Assistant in 1971 and later removed from this administrative position in 1975 because he was not properly certified, then being placed in a full-time "itinerant" teaching position. In August of 1976, the Joint-Operating Committee (Committee) of the School abolished both Mr. Kelley's teaching position and the position he had previously held as Staff Assistant. At the same time, it voted to suspend the appellant from his position as auto-body teacher and appointed Mr. Kelley to replace him in that position. In November of 1976, the appellant filed a complaint in mandamus against the School requesting reinstatement as a professional employee, including payment of full back-pay and reimbursement for all lost benefits. The lower court ordered the School to provide the appellant a hearing, which was done. Then the Committee affirmed the suspension, and this was affirmed on appeal by the lower court. This appeal followed.

The appellant argues that, as a tenured professional employee, he was improperly suspended in the absence of one of the four reasons enumerated under Section 1124 of the Public School Code of 1949[1] (Code)

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1124.

wherefore he should be granted reinstatement with back-pay and benefits. The Committee maintains, however, that it acted properly under the Code.

We agree with the Committee that, if proper procedures are followed, positions occupied by professional employees may be abolished for financial or other proper reasons. *Charleroi Area School District v. Secretary of Education,* 18 Pa. Commonwealth Ct. 121, 334 A.2d 785 (1975). At issue here, however, is not the abolition of the position held by Mr. Kelley but rather the propriety of the suspension of the appellant from *his* position when he was replaced by Mr. Kelley. It is well recognized that school authorities "must be given broad discretionary powers to ensure a better education for ... children ... and any restrictions on the exercise of these powers must be strictly construed on the basis that the public interest predominates and private interests are subordinate thereto." *Smith v. Darby School District,* 388 Pa. 301, 314, 130 A.2d 661, 668-69 (1957). If it appears, however, that the action taken is based upon a misconception of the law, the courts will intervene to prevent an abuse of power adverse to the public welfare. *Hibbs v. Arensberg,* 276 Pa. 24, 26, 119 A. 727, 728 (1923). The law is clear that Section 1124 of the Code sets forth the *only* four statutory reasons for which a tenured employee may be suspended, *Fatscher v. Board of School Directors,* 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977), which are as follows:

    (1)  Substantial decrease in pupil enrollment in the school district;

    (2)  Curtailment or alterations of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to con-

form with standards of organization or educational activities required by law or recommended by the Department of Public Instruction;

(3) Consolidation of schools, whether within a single district, through a merger of districts, or as a result of joint board agreements, when such consolidation makes it unnecessary to retain the full staff of professional employes.

(4) When new school districts are established as the result of reorganization of school districts pursuant to Article II, subdivision (i) of this act, and when such reorganization makes it unnecessary to retain the full staff of professional employes.

24 P.S. §11-1124.

Noting the Supreme Court's decision in *Alberts v. Garofalo*, 393 Pa. 212, 142 A.2d 280 (1958), this Court has recently held that the suspension of a tenured professional employee because of the abolition of his position in an effort to reduce a budget deficit was improper because it would not fall within one of these four statutorily-enumerated reasons for suspension. *Theros v. Warwick Board of School Directors*, 42 Pa. Commonwealth Ct. 296, 401 A.2d 575 (1979). *See Bragg v. Swarthmore School District*, 337 Pa. 363, 367-68, 11 A.2d 152, 155 (1940). In the *Theros* case, because of the abolition of one teaching position, the business education department had one excess teacher in that department. All the teachers in the department were certified only to teach business education and the teacher with the lowest rating was therefore suspended. We held there that the suspension was unlawful, and we believe that the facts in the case at issue are on all fours with those in *Theros*. Here, as the result of the abolition of the position which Mr. Kelley held, there were two tenured professional employees

who were certified only to teach the auto-body course, and there was therefore one excess teacher. The appellant, who allegedly had the lower rating of the two, was consequently suspended, as was the teacher in *Theros, supra.* The abolition of a position as an economy measure here cannot be deemed to be for any of the causes for suspension enumerated in Section 1124 of the Public School Code, just as was true in *Theros, supra.*

The Committee argues here that, if Section 1124 forbids this suspension, the Section is in conflict with other sections of the Code as well as with the Pennsylvania Constitution because the Committee has the right and duty to maintain an efficient and economical school. It is clear, of course, that a school board has the right to abolish a position when, in the discretion of the board, that position is no longer necessary. *Smith v. Darby School District, supra.* It is also clear that a tenured professional employee whose position has been abolished is protected by the tenure provisions of the Code and therefore cannot be suspended except for one of the reasons enumerated therein. The school board then, or the Committee here, has several options in such circumstances, such as transferring the employee to another available position, *Alberts v. Garofalo, supra,* 393 Pa. at 215, 142 A.2d at 282, demoting the employee to an inferior position provided he is given a hearing, *Alberts v. Garofalo, supra; Board of Public Education of the School District of Pittsburgh v. Thomas,* 41 Pa. Commonwealth Ct. 490, 399 A.2d 1148 (1979), or realigning the staff, which in this case could have been done by granting Mr. Kelley the sabbatical leave he had requested and thus permitting the appellant to remain in his position. If, however, a school board believes that it must abolish a position for economic reasons such as a substantial decrease in pupil enrollment or a necessity for pro-

gram curtailment, it can seek approval for curtailment of educational programs from the Department of Public Instruction in accordance with Section 1124 of the Code which would afford a statutorily-permissible cause. We do not believe therefore that Section 1124 of the Code is in conflict with a school board's right and duty to maintain an efficient and economical school. There are clearly alternative ways which can be employed to reach this goal while at the same time protecting the rights of tenured professional employees.

Accordingly, we must reverse the order of the court below and remand this case with instructions to reinstate the appellant as a tenured professional employe and to award him his lost salary together with any increments thereto to which he would have been entitled had he continued in his position without interruption.

ORDER

AND Now, this 2nd day of August, 1979, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby reversed, and this case is hereby remanded for action consistent with this opinion.