## McManus v. Brownsville Area School District

*Waterman, Levenson and Snyder,* for plaintiff.
*A. J. Kuzdenyi,* for defendant.

ADAMS, *J.,* January 10, 1980—The matter before the court is the appeal of Phyllis McManus, a tenured professional school nurse, pursuant to the Local Agency Law, 2 Pa.C.S.A. §105, from her suspension by defendant, Brownsville Area School District.

Phyllis McManus was suspended from her position by defendant prior to the 1973-74 school year. This suspension was made final after a hearing before defendant's school board on October 23, 1973.

Plaintiff timely filed an appeal on November 9, 1973 from the determination of the school board, and a hearing de novo was held before Judge Samuel Feigus on December 17, 1973. No final order was entered in the matter before Judge Feigus' death. It was stipulated by the parties that this court could make its determination on the basis of the record as made at the hearing before the school board.

For the reasons set forth herein the court finds that McManus was improperly suspended and is entitled to reinstatement with such compensation and benefits as she would have received had she remained employed.*

---

*The issue of the amount of damages incurred by McManus is not before the court at this time. If necessary, that issue can be resolved at a subsequent hearing.

## STATEMENT OF FACTS

Phyllis McManus was hired for the position of school nurse by defendant on September 29, 1966. This hiring was prompted by the availability of Federal funds allocated for a school nurse program. Despite the source of her salary, McManus' duties were the same as the other school nurses employed by defendant.

When these Federal funds were sharply reduced in July 1973, the school board on August 21, 1973 abolished one position of school nurse. McManus was chosen for suspension because she had the least seniority of the nurses. The efficiency ratings of all the nurses then employed were equal.

Upon request dated August 22, 1973, the Department of Education by letter dated August 24, 1973 approved an alteration of the health care program.

## DISCUSSION

The Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. §11-1124, enumerates the causes for suspension of professional employes. (A nurse is a professional employe under section 1101 of the Public School Code.) McManus argues that defendant failed to establish a cause of suspension under section 1124 of the Public School Code. The law is clear that section 1124 of the code sets forth the only four statutory reasons for which a tenured professional employe may be suspended, Fatsher v. Board of School Directors, 28 Pa. Commonwealth Ct. 170, 367 A. 2d 1130 (1977), which are as follows:

"(1) Substantial decrease in the pupil enrollment in the school district;

"(2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction;

"(3) Consolidation of schools, whether within a single district, through a merger of districts, or as a result of joint board agreements, when such consolidation makes it unnecessary to retain the full staff of professional employes;

"(4) When new school districts are established as the result of reorganization of school districts pursuant to Article II, subdivision (1) of this act, and when such reorganization makes it unnecessary to retain the full staff of professional employes."

The single reason which motivated the school board's abolition of one position of school nurse and the suspension of McManus was the loss of Federal funds. George Alberts, Superintendent of the Brownsville Area School District, defendant's witness, testified on direct examination as follows:

"Q. Will you state why you recommended Option III with regard to the suspension of Mrs. McManus?

A. The substantial reduction of federal funds and of course curtailment of the program as a result of that substantial decrease of federal funds.

Q. Now if there had not been further reduction of federal funds, would you have made any recommendation that the nursing staff be decreased by one?

A. We had been considering it for some time, but I doubt if we would have made the recommendation this year."

Alberts v. Garofalo, 393 Pa. 212, 142 A. 2d 280 (1958), controls the instant case. In Alberts a supervising principal was suspended from his employment because the position of supervising principal was abolished as an "economy measure." Our Supreme Court held that since the board's action was not prompted by any of the causes specified in section 1124, the suspension was unlawful.

Alberts has recently been followed by Commonwealth Court in Theros v. Warwick Board of School Directors, 42 Pa. Commonwealth Ct. 296, 401 A. 2d 575 (1979), and Brinser v. Cumberland-Perry Area, etc., 44 Pa. Commonwealth Ct. 554, 405 A. 2d 964 (1979). Noting the Supreme Court's decision in Alberts, the Commonwealth Court held in both Theros and Brinser that the suspension of a tenured professional employe because of the abolition of his position in an effort to reduce a budget deficit was improper because it would not fall within one of the four statutorily enumerated reasons for suspension.

The Commonwealth Court's comment in Theros is on point. In Theros, the lower court was of the opinion that section 1124 was not intended by the legislature to provide the only reasons for suspension of a tenured teacher and that a school board has an inherent management right to suspend the teacher. Justice Mencer observed at p. 300:

"We can fully understand the unwillingness of the hearing court to reach a result in this case where a teacher whose position is properly abolished and therefore whose services are no

longer needed and will have no scholars to teach must be paid his salary indefinitely. However, according to decided cases the legislature has so commanded."

Defendant asserts that even if McManus' suspension is found to be an economy measure triggered by the reduction in Federal funds, Alberts may yet be distinguished. The defendant avers that in accordance with section 1124(2), the school board obtained approval for a reduction of its health service personnel. The board's position is that such approval affords a statutorily permissible cause for suspending McManus.

Defendant's reliance upon section 1124(2) is misplaced. The section's intent is to allow a school board flexibility in structuring its curriculum and educational programs to comport with the needs of its students or requirements mandated by the Department of Education. The focus of section 1124(2) is upon student enrollment in specific courses or classes, and not upon the total student enrollment in the school district.

In the case at bar defendant did not curtail an educational program. Instead, the board sought to provide the same health services to the school district with one fewer school nurse. The suspension of McManus was outside the ambit of section 1124(2) and it was error for defendant to request approval for the suspension from the Department of Education. Where school board action is based on a misconception of law, the courts will intervene: Hibbs v. Arensberg, 276 Pa. 24, 119 Atl. 727 (1923). Since the Department of Education's approval of the McManus suspension was improvidently granted, it is of no effect.

Having found that Phyllis McManus' suspension was caused by the reduction of funds available to the school district, Alberts and its progeny dictate the result. The abolition of a position as an economy measure here cannot be deemed to be for any of the causes for suspension enumerated in section 1124, just as was true in Theros and Brinser.

Accordingly, the court enters the following

## ORDER

And now, January 10, 1980, it is hereby ordered, adjudged and decreed that Brownsville Area School District shall reinstate Phyllis McManus as a tenured professional employe, and shall pay to her any lost salary together with any increments thereto and benefits to which she would have been entitled had she continued in her position without interruption. Either party may petition the court to set a hearing on the issue of damages.