430 A.2d 276

**CUMBERLAND–PERRY AREA VOCATIONAL TECHNICAL SCHOOL JOINT OPERATING COMMITTEE, Appellant,**

v.

**Herbert H. BRINSER.**

Supreme Court of Pennsylvania.

Argued Oct. 15, 1980.

Decided March 13, 1981.

124

Robert E. Yetter, Harrisburg, for appellant.

Thomas W. Scott, Harrisburg, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

PER CURIAM:

The Court being equally divided, the Order of the Commonwealth Court is affirmed.

O'BRIEN, C.J., files an Opinion in Support of Affirmance which NIX and LARSEN, JJ., join.

LARSEN, J., files a separate Opinion in Support of Affirmance.

FLAHERTY, J., files an Opinion in Support of Reversal which ROBERTS and KAUFFMAN, JJ., join.

## OPINION IN SUPPORT OF AFFIRMANCE

O'BRIEN, Chief Justice.

This appeal is from an order of the Commonwealth Court reversing an order of the Cumberland County Court of Common Pleas which upheld the suspension of Herbert H. Brinser from his position as an auto body teacher at Cumberland-Perry Area Vocational-Technical School.

Appellee Brinser served as an auto body teacher at the School from 1971 to 1976, replacing Kenneth F. Kelley, who was transferred to an administrative position. On February 23, 1976, the Joint Operating Committee of the School reorganized its administrative chart eliminating the position held by Kelley. As a result, Kelley was reassigned to teach the auto body course and Brinser, a tenured professional employee, was suspended.

The School offers only one auto body course and it is conceded that only one teacher is needed to teach that course. Neither Brinser nor Kelley is certified to teach any other course in the school. The School maintains that Brinser's suspension for solely economic reasons should be upheld since, otherwise, there will be two teachers for one position. Brinser contends that his suspension was invalid under § 1124 of the Public School Code, Act of March 10, 1949, P.L. 30, as amended, 24 P.S. § 11–1124, which enumerates the only permissible causes for suspension. I agree that Brinser's suspension was not prompted by any of the causes specified in the Code and, for the reasons set forth in *Warwick Board of School Directors v. Theros,* 494 Pa. 108, 430 A.2d 268 (Opinion in Support of Affirmance), filed this day, I would affirm the order of the Commonwealth Court directing reinstatement of Brinser with back pay.

NIX and LARSEN, JJ., join in this opinion.

LARSEN, J., files a separate Opinion in Support of Affirmance.

## OPINION IN SUPPORT OF AFFIRMANCE

LARSEN, Justice.

I join in Mr. Chief Justice O'Brien's Opinion in Support of Affirmance. Additionally, I would like to add that the reason the legislature limited suspensions of teachers to the four enumerated situations was for the purpose of maintaining the quality of education. The legislature has wisely recognized that quality education of children is a priority service that must be provided to them both for their benefit and the benefit of our society. *See Walker v. School Dist. of Scranton*, 338 Pa. 104, 12 A.2d 46 (1940) (underlying purpose of Teacher Tenure Act is to achieve fundamental public policy of obtaining best education possible for the children of the Commonwealth) *and Kaplan v. School Dist. of Philadelphia*, 178 Pa.Super. 88, 113 A.2d 164 (1955), aff'd. 388 Pa. 213, 130 A.2d 672 (1957) (intent of general assembly in enacting Teacher Tenure Act, including section 1124, 24 P.S. § 11–1124, is to provide for the welfare of the students by providing them with best education possible). While "economic measures" such as suspending teachers for reasons other than those enumerated in section 1124 can provide financial savings, the General Assembly has determined that such measures are not educationally sound.

## OPINION IN SUPPORT OF REVERSAL

FLAHERTY, Justice.

For the reasons set forth in the Opinion in Support of Reversal this day filed in *Warwick Board of School Directors v. Theros*, 494 Pa. 108, 430 A.2d 268, we would vacate the Order of the Commonwealth Court and remand for an adjudication of appellee's claim of improper suspension.

ROBERTS and KAUFFMAN, JJ., join in this Opinion in Support of Reversal.