Betty S. Rosenberg, Appellant *v.* South Allegheny School District, Appellee.

Argued May 5, 1982, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Neil R. Rosen, Sikov and Love, P.A.,* for appellant.

*Michael F. Fives, Bresnahan & Caputo,* for appellee.

OPINION BY JUDGE DOYLE, December 5, 1983:

This is an appeal by Betty S. Rosenberg (Appellant) from a decision and order of the Court of Common Pleas of Allegheny County dismissing Appellant's appeal of her suspension from employment by the South Allegheny School District (District). We reverse.

Appellant was initially hired by the District in 1966 as a cafeteria manager. Beginning in 1968, Appellant functioned as the District's manager of food services and her employment contracts designated her as a "professional employee" of the District. Appellant was subsequently awarded tenure by the District and she also received professional certificates from the Pennsylvania Department of Education (Department) as a "Nutrition Service Specialist" and as a "Manager of School Food Services." On March 1, 1976, the District's Board of School Directors (Board) voted to close the District's cafeteria depart-

ment as of the close of the school year and to have cafeteria services provided by an independent contractor. This decision resulted in Appellant being sent notice that her employment was to be effectively terminated in June of 1976.

Appellant contested the propriety of the termination of her employment by requesting a hearing before the Board and then appealing to the Secretary of Education (Secretary) when that request was denied. The Secretary dismissed her appeal by an order entered July 7, 1977 ruling that Appellant was *suspended* rather than *dismissed* and therefore not entitled to a teacher tenure dismissal hearing with an appeal to the Secretary as provided by Sections 1127 and 1131 of the Public School Code of 1949[1] (School Code). In so holding, the Secretary pointed out that Appellant was entitled to a hearing before the Board on her suspension but that an appeal from that proceeding properly lay with the court of common pleas.[2] Ancillary to the Secretary's decision, was a conclusion that Appellant *was* a professional employee of the District.

Appellant then filed a petition with the court of common pleas for the issuance of a writ of mandamus directing the Board to afford her a hearing on her employment status. That court issued the writ, holding that Appellant "as a member of the class protected by the Law [School Code] was clearly entitled to a hearing. . . ."[3]

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§11-1127 and 11-1131.

[2] *See Norwin School District v. Chlodney*, 37 Pa. Commonwealth Ct. 284, 390 A.2d 328 (1978) ; *Fatscher v. Board of School Directors, Springfield School District*, 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977).

[3] Appellant appealed to this Court from a portion of the court of common pleas order which reversed for future determination the issue of Appellant's entitlement to backpay and sabbatical leave. In *Rosenberg v. South Allegheny School District*, 61 Pa. Commonwealth

The Board conducted the hearing ordered by the court on Appellant's suspension on August 15, 1979. It held that the District had the right to close its cafeteria department and that Appellant's suspension was proper.[4] Appellant appealed the Board's decision to the court of common pleas and, while citing to numerous appellate court decisions for support, asserted that the suspension of a professional employee can *only* be properly effectuated for a reason itemized in Section 1124 of the School Code, 24 P.S. §11-1124,[5] and that no such reason was applicable to Appellant's case. Section 1124 of the School Code reads:

Ct. 63, 432 A.2d 654 (1981), we affirmed the trial court's order. In what was apparently a misconstrual of the common pleas decision, this Court's dicta in that opinion discussed the steps Appellant would have to take in her hearing before the Board to establish her status as a professional employee. The issue of Appellant's professional status was not before this Court at that time nor did the Board ever take exception to those aspects of the decision of either the court of common pleas or the Secretary of Education which clearly held Appellant to be a professional employee. Moreover, in the decision based on the subsequent hearing before the Board on Appellant's suspension, the question of Appellant's professional status was ignored. Finally, the Board also has not appealed this issue to this Court; they have simply raised it as a question presented in conjunction with Appellant's appeal. Thus, the Board's brief and the language of the prior decision of this Court notwithstanding, we do not believe the issue of Appellant's professional status can now be brought before us. We are bound by the previous determinations concerning this issue and must consider Appellant as a professional employee for the purposes of her appeal.

[4] In its decision the Board also denied a request by Appellant for sabbatical leave. The common pleas court opinion affirmed the Board's decision in this regard as well as the determination that the closing of the cafeteria department was proper. Both of these holdings have also been appealed to this Court but, because of the decision reached herein, need not be addressed.

[5] *See Alberts v. Garofalo*, 393 Pa. 212, 142 A.2d 280 (1958); *Brinser v. Cumberland-Perry Area Vocational-Technical School Joint-Operating Committee*, 44 Pa. Commonwealth Ct. 554, 405 A.2d 964 (1979), *aff'd* 494 Pa. 123, 430 A.2d 276 (1981).

Causes for suspension

Any Board of school directors may suspend the necessary number of professional employes, for any of the causes hereinafter enumerated:

(1) Substantial decrease in pupil enrollment in the school district;

(2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction;

(3) Consolidation of schools, whether within a single district, through a merger of districts, or as a result of joint board agreements, when such consolidation makes it unnecessary to retain the full staff of professional employes.

(4) When new school districts are established as the result of reorganization of school districts pursuant to Article II., subdivision (i) of this act, and when such reorganization makes it unnecessary to retain the full staff of professional employes.

Clearly, none of the enumerated reasons was the cause of the claimant's suspension in the case at bar. Although the Board might well have curtailed or altered an "educational *program*," it did not do so on the recommendation of the superintendent with subsequent approval of the Department of Education. The Board asserts, however, that even if Appellant's suspension was not permissible under the terms of Section 1124, it was nevertheless proper under Section 524 of the School Code, 24 P.S. §5-524, which reads:

The board of school directors of any school district, including merged or union districts, and any boards of school directors establishing any joint school or department, shall not close any school or department during the school term, unless such action shall advance the orderly development of attendance areas within an approved administrative unit and has been approved by the Department of Public Instruction. In the event a school board shall determine prior to the beginning of the next school term to close any school or department, sixty (60) days' notice, in writing, prior to the closing of any school or department, shall be given to all temporary professional and professional employes affected thereby, unless such action shall advance the orderly development of attendance areas within an approved administrative unit and has been approved by the Department of Public Instruction. Upon failure to give written notice of intention to close any school or department, the school district shall pay such employes their salaries until the end of the school year during which such schools or departments were closed.

Temporary professional or professional employes, whose positions are abolished as a result of the action of the board of school directors in closing a school or department, or reassigning pupils in its effort to consummate partially or wholly the orderly development of approved administrative and attendance areas, may not be suspended until the end of the school year if such action is taken during the school year or later than sixty (60) days prior to the opening of the next school term.

The payment of salary to any temporary professional or professional employe shall be discontinued immediately, if such employe obtains other employment which, in the judgment of the board of school directors, could not have been obtained or held if such school or department had not been closed: Provided, however, That if the salary in the new position is less than the salary the professional employe would have received had he remained in the employment of the school district, the school district shall be liable for the difference.

The common pleas court held that Appellant's suspension was not for one of the reasons permitted under Section 1124 of the School Code[6] because the Board's only reasons for closing the cafeteria department were to save expenses and reduce paperwork and labor problems. *See Brinser v. Cumberland-Perry Area Vocational-Technical School Joint-Operating Committee,* 44 Pa. Commonwealth Ct. 554, 405 A.2d 964 (1979), *aff'd* 494 Pa. 123, 430 A.2d 276 (1981). The court, however, affirmed the Board's actions under Section 524. The court believed that the appellate cases referenced by Appellant which stated that Section 1124 contained the exclusive grounds for suspending a professional employee were clearly distinguishable and not controlling in the case at bar because they did not address what it termed as the irreconcilable conflict between Sections 524 and 1124 of the School Code. To resolve this conflict, the court invoked the provisions of Sec-

---

[6] Judge SMITH, at page 6 of his opinion, concludes:

In light of the cited section and the Brinser case, Rosenberg contends that since the reasons for her suspension was not one set forth in Section 1124, she could not be suspended. If this were the only section of the Code we find applicable we would have to agree with her contention because the reason she was suspended and/or terminated does not come within the parameter of Section 1124.

tions 1934 and 1936 of the Statutory Construction Act of 1972, 1 Pa. C. S. §§1934 and 1936[7] and stated:

> In the instant case the sections of the Public School Code with which we are concerned have been amended and re-enacted at various times by different General Assemblies, the most recent being the adoption by the General Assembly of section 524. To the extent that section 524 is irreconcilable with section 1124, we hold that it must prevail.

On appeal to this Court, Appellant asserts, *inter alia*, that the court of common pleas erred, as a matter of law, in ruling that it was proper to suspend her, as a tenured professional employee, for reasons other than those allowed for by Section 1124 of the School Code.[8] We are constrained to agree.

The statutory construction analysis of the common pleas court was predicated on the validity of the conclusion that the terms of Sections 524 and 1124 of the School Code are irreconcilable. This conclusion is incorrect. It has been repeatedly held that Section 1124

---

[7] Section 1934 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1934 reads:

Irreconcilable clauses in the same statute

Except as provided in section 1933 of this title (relating to particular controls general), whenever, in the same statute, several clauses are irreconcilable, the clause last in order of date or position shall prevail.

Section 1936 of that Act, 1 Pa. C. S. §1936, reads:

Irreconcilable statutes passed by different General Assemblies

Whenever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail.

[8] The Appellant has also advanced the argument that the Board did not "close" the cafeteria, but merely employed an outside contractor to *continue* the operation of it. This appears to the Court to be more than mere semantics, but the issue need not be decided in view of the holding herein.

"specifies the *sole* grounds upon which a suspension [of a professional employee] may be based. . . ." *Shearer v. Secretary of Education,* 57 Pa. Commonwealth Ct. 266, 269, 424 A.2d 633, 634 (1981) (emphasis added).[9] *See Warwick Board of School Directors v. Theros,* 494 Pa. 108, 430 A.2d 268 (1981). In light of language such as this and the mandate of Section 1921 (a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a), that all provisions of a statute be given effect if possible, this Court believes it is clear that the focus of Section 524 is the *procedure* to be followed for closing a department, including the notice to be given a professional employee when he or she is to be suspended concomitant with the closing of the department for reasons permitted under Section 1124 of the School Code. Succinctly stated, the two sections are not irreconcilable, but are to be read in tandem, the one a procedural cart horse drawing the substantive carriage of the other. Accordingly, as it is clear that the Board has failed to demonstrate the existence of any of the reasons contained in Section 1124 of the School Code for suspending Appellant, we must hold that the court of common pleas erred in dismissing her appeal. She therefore must be reinstated to her position in the South Allegheny School District with the appropriate award of backpay for the period of her improper suspension, the amount of which shall be determined in a hearing before the court of common pleas. *See Shearer.*

## ORDER

Now, December 5, 1983, the decision and order of the Court of Common Pleas of Allegheny County in

---

[9] In *Shearer* this Court held that a suspension based on the criminal arrest of the teacher involved was invalid, as a criminal arrest was not a grounds for suspension encompassed by Section 1124 of the School Code.

the above captioned matter, S.A. No. 1319-79, dated December 26, 1980 is hereby reversed and the matter is remanded for further proceedings consistent with this opinion.

Judge ROGERS dissents.