599 A.2d 252

**SOMERSET AREA SCHOOL DISTRICT, Appellant,**

**v.**

**James S. STARENCHAK, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 6, 1991.

Decided Nov. 8, 1991.

402

William R. Carroll, for appellant.

Ira Weiss, for appellee.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is the appeal of Somerset Area School District (District) from the March 5, 1991 order of the Court of Common Pleas of Somerset County which reversed the District's decision to furlough James Starenchak (Starenchak) from his position as assistant principal in the District and directed the District to reinstate Starenchak with back pay. We affirm.

On June 25, 1990, the Board of Directors (Board) of the District, upon the recommendation of the superintendent, furloughed Starenchak from his position as assistant principal. Starenchak requested a hearing and on August 29, 1990 a hearing was held before the Board. At hearing, Dr. Dennis Afton, superintendent of schools for the District, testified that the reason for elimination of the assistant principal position was to cut costs by streamlining the administration. At a Board meeting held September 10, 1990, the Board adopted a resolution finding that the actions with respect to Starenchak were proper and legal and that the decision by the District to suspend Starenchak as of June 25, 1990 should be affirmed and ratified in all respects.

Pursuant to Section 752 of the Local Agency Law, 2 Pa.C.S. § 752, Starenchak filed an appeal in the Court of Common Pleas of Somerset County. The trial court found that there was no legal basis for Starenchak's suspension, reversed the District's decision and directed the District to reinstate Starenchak with back pay. The District filed a petition for reconsideration and on April 4, 1991 the trial court after hearing denied the motion. The matter is now before this Court.

On appeal, the issues before this Court are whether an assistant principal, who is a professional employee, may be

suspended under the requirements of Section 1124(2) of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1124(2); whether the Department of Education's (Department) advisement that no approval is necessary to abolish an assistant principal's position is the equivalent of approval; and whether the District is entitled to a credit against back pay because the suspended employee rejected a similar administrative position in another school district.

■ The District initially argues that the Board can only suspend a professional employee for one of the reasons enumerated in Section 1124 of the Code and that Section 1124 applies to teachers, not to administrative personnel, and therefore Starenchak's suspension was proper.[1] Section 1124(2) of the Code states:

> Any board of school directors may suspend the necessary number of professional employees, for any causes hereinafter enumerated:
>
> . . . .
>
> (2) Curtailment or alteration of the educational program on recommendation of the superintendent, approved by the Department of Public Instruction, as a result of a substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction;

Section 1124 of the Code enumerates the only reasons for nondisciplinary removal of a professional employee.

---

**1.** At the outset, it must be noted that under Section 1101 of the Code, *as amended,* 24 P.S. § 11–1101:

> (1) The term "professional employe" shall include those who are certified as teachers, supervisors, supervising principals, principals, *assistant principals,* vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries, the selection of whom is on the basis of merits as determined by eligibility lists and school nurses. (Emphasis added.) *

Therefore, there is no question that Starenchak is a professional employee as defined under the Code.

*McKeesport Area School District v. Cicogna,* 125 Pa.Commonwealth Ct. 99, 558 A.2d 116 (1989); *Hixson v. Greater Latrobe School District,* 52 Pa.Commonwealth Ct. 92, 421 A.2d 474 (1980). The District asserts that determination of this matter falls under the ambit of Section 1124(2) of the Code. Therefore, in order to suspend Starenchak the District must bring this matter within the language of Section 1124(2).

Close examination of the Board minutes at which the decision was made does not reveal any basis for Starenchak's suspension nor does the official notification sent to Starenchak. Furthermore, Dr. Afton testified that the decision to eliminate Starenchak's position was based upon a cost savings measure and that the Board was unhappy with Starenchak's status as a nonresident. August 29, 1990 hearing, N.T. pp. 10–11, 18–19. A school district cannot suspend a professional employee based upon non-residential or purely economic reasons. *Alberts v. Garofalo,* 393 Pa. 212, 142 A.2d 280 (1958); *Theros v. Warwick Board of School Directors,* 42 Pa.Commonwealth Ct. 296, 401 A.2d 575 (1979). The District has not enumerated any reason under Section 1124(2) of the Code to justify the termination of Starenchak and hence, this is not a matter falling under that Section of the Code.[2]

██ Finally, the District argues that the refusal of Starenchak to accept employment in another school district was not reasonable and as such the District should be entitled to a credit against back pay. Starenchak was employed by the District for two fiscal years prior to his suspension. He commuted forty miles one way each day to this position. While suspended from employment from the District, Starenchak applied for other administrative positions and was offered one in the Keystone School District near Knox, Pennsylvania in Clarion County. The one way distance from his home near Greensburg, Pennsylvania to Knox and

2. Having determined that this matter is not one falling under Section 1124(2) of the Code, this Court need not address the District's argument regarding Department approval of Starenchak's suspension.

the position in the Keystone School District is approximately 110 miles. The District argues that it would not be unreasonable to expect Starenchak to either travel the 110–mile one way trip daily to Knox or to relocate there. "The general rule is that the burden of proof rests with the defendant to show that the plaintiff could have minimized his [or her] damages...." *Princess Hotels International v. Hamilton,* 326 Pa.Superior Ct. 226, 232, 473 A.2d 1064, 1067 (1984), quoting *APCL & K, Inc. v. Richer Communications, Inc.,* 241 Pa.Superior Ct. 396, 403–404, 361 A.2d 762, 766 (1976).

In the matter sub judice, Starenchak testified at the hearing that he was recovering from open heart surgery in the fall of 1989, at the time of hearing on December 11, 1990, had not yet totally recovered from the surgery and consequently was hesitant to leave the area in which he had his surgery because he was not feeling comfortable enough to be away from the doctors and the hospital where the surgery took place. December 11, 1990 hearing, N.T. p. 12. Bearing in mind the general rule that the burden of proof rests with the defendant to show that the plaintiff could have minimized his or her damages, the District in this instance did not put forth any evidence to rebut Starenchak's testimony and show that it would be reasonable for a man who had open heart surgery to travel 220 miles round trip to work each day. Further, the District's contention that Starenchak's refusal to relocate to Knox, Pennsylvania cannot be seen as a failure to mitigate. In *Williams v. Masters, Mates & Pilots of America, Local No. 2,* 384 Pa. 413, 120 A.2d 896 (1956), the Pennsylvania Supreme Court held that the plaintiff did not have to relocate to obtain work in order to mitigate back pay damages. The court stated, "[o]rdinarily a person cannot be forced to go to another locality to obtain work at his [or her] chosen occupation in order to mitigate damages." *Id.,* 384 Pa. at 423, 120 A.2d at 901. Therefore, the District is not entitled to any setoff in this matter.

■ As argued by the District, Section 1124(2) is meaningless as applied to administrators if an administrative position is not an educational program and consequently there is no way to avoid keeping it filled forever unless opened by attrition or by Section 1124(1), (3) or (4) of the Code. By way of Section 1124 of the Code, the legislature has enumerated only four specific ways whereby a professional employee of a school district may be suspended. The courts of this Commonwealth have expressly followed the language of that statute. *See e.g. McKeesport; Hixson.* When professional employees are determined to be educationally unnecessary, they are an economic burden to the district. While these concerns may very well be meritorious, as the District in the instant action asserts, they must be addressed by the legislature, not by the courts of this Commonwealth. This Court cannot legislate a fifth reason to suspend a professional employee of a school district but must follow the legislature's mandates and uphold the law as written.

Consequently, the District's appeal must be dismissed and Starenchak is reinstated to his previous position of assistant principal with the Somerset Area School District with full back pay to June 28, 1990. *Rosenberg v. South Allegheny School District,* 78 Pa.Commonwealth Ct. 620, 469 A.2d 315 (1983).

## ORDER

AND NOW, this 8th day of November, 1991, the order of the Court of Common Pleas of Somerset County in the above-captioned matter is affirmed and James S. Starenchak is reinstated to his previous position of assistant principal with the Somerset Area School District with full back pay to June 28, 1990.