**Commonwealth v. Karlheim**

*Carolann A. Young, assistant district attorney,* for the Commonwealth.
*Wilbert H. Beachy, III,* for defendants.

COFFROTH, *S.J.*, August 24, 1992—This case is here on defendants' petition for approval of settlement pursuant to Pa.R.Crim.P. 314, which provides as follows:

"Rule 314. Court Dismissal Upon Satisfaction or Agreement

"When a defendant is charged with an offense which is not alleged to have been committed by force or violence or threat thereof, the court may order the case to be dismissed upon motion and a showing that:

"(a) the public interest will not be adversely affected; and

"(b) the attorney for the Commonwealth consents to the dismissal; and

"(c) satisfaction has been made to the aggrieved person or there is an agreement that satisfaction will be made to the aggrieved person; and

"(d) there is an agreement as to who shall pay the costs."

We deny the petition because it does not meet the requirements of subparagraph (b) and (c) of the rule.

## CONSENT OF ATTORNEY FOR THE COMMONWEALTH

On August 19, 1992, we received the letter (dated August 10, 1992) of Commonwealth counsel, Mrs. Young, stating in relevant part:

"The district attorney's office does not offer Rule 314 consideration to a defendant in the absence of consent of the victim due to the necessity for the victim's signature on the standard Rule 314 form which indicates consent. Independently of this consideration, and specifically with reference to the above named defendants, the Commonwealth has no reason to object to Rule 314 treatment of these criminal cases."

We do not regard this as a "consent to the dismissal" as Rule 314(b) categorically requires. Having, "no reason to object to Rule 314 treatment of these criminal cases"

is not the equivalent of "consent." In this connection, we note our decision in *Commonweath v. Settles,* 44 Somerset Leg. J. 245, 250 (1985) that the Commonwealth's nonobjection to a medical report did not satisfy the statutory mandate that: "The government attorney shall exercise his discretion whether or not to accept ..." the report's recommendation. And in *Starenchak v. Somerset Area School District,* 463 Civil 1990 (slip reconsideration opinion of April 23, 1991), we held that ... "nonapproval" by the Department of Education was not the equivalent of "approval" of an educational program as required by the statute, although there was no disapproval.[1] Moreover, it seems to us that the letter above quoted means that Commonwealth counsel does *not* consent to dismissal in light of her first quoted sentence to the effect that the victim (aggrieved party) has not properly manifested consent to the settlement.

## AGREEMENT OF AGGRIEVED PARTY

Having reviewed the file, we find no evidence of complete agreement on settlement, hence we are inclined to agree with Commonwealth counsel that subparagraph (c) of Rule 314 has not been complied with.

## ORDER

Now, August 24, 1992, for the reasons above stated, defendants' petition for approval of settlement under Criminal Rule 314 is denied.

---

1. On appeal, affirmed on other grounds: *Somerset Area School District v. Starenchak,* 143 Pa. Commw. 401, 599 A.2d 252 (1992) (no. 781 CD 1991, opinion of Narick, S.J. 11-8-91, see footnote 2).